IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JIMMIE LOU HENRIXSON,**

    Petitioner,

vs.                                      Case No. 4:10cv382-RH/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum. Docs. 1 and 2. Petitioner was directed to show cause why her petition, challenging a conviction and sentence imposed in the Northern District of Georgia, should not be dismissed under the savings clause of 28 U.S.C. § 2255(e). Doc. 6 (incorporated herein by reference).

As previously explained, to proceed under the savings clause Petitioner would have to show that the § 2255 remedy was inadequate or ineffective to test the legality of detention. *Id.*, pp. 1-2, quoting § 2255(e). Petitioner claimed § 2255 was inadequate

and ineffective, and argued she was actually innocent of her life sentence imposed pursuant to 18 U.S.C. § 3559(c), based on the cases of Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010).  Doc. 6, p. 2.

As Gilbert was vacated after the § 2241 petition was filed, and an opinion had recently issued on rehearing *en banc*, I noted that summary dismissal of the petition seemed appropriate, but gave Petitioner the opportunity to respond.  *Id.*, pp. 2-3.

Petitioner submitted a letter in response to the order, asking for additional time to file a response.  Doc. 7.  It was docketed as a response to order rather than request for additional time, and was not referred for a ruling[1].  Petitioner then filed a "show cause brief" responding to the order.  Doc. 8.

In the letter request, Petitioner sought an additional 30 days based in part on her age and medical condition.  Doc. 7, p. 1.  She also indicated that "[t]he court is supposed to rule on the retroactivity of the 'crack cocaine' law and I feel I will have a better chance for relief if I don't try to rush things."  Doc. 7, p. 1.  Liberally construed this is potentially a separate claim for relief and addressed first.

Presumably Petitioner's reference to the crack cocaine law is to the Fair Sentencing Act of 2010 (FSA).

> The FSA, signed into law on August 3, 2010, changes to the crack-to-powder ratios from 100:1 to about 18:1.  *See* Pub. L. No 111-220, 124 Stat. 2372.  The Act amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack

---

[1] "The motion is in another envelope" was written at the bottom of the last page, near Petitioner's signature, but a separate motion was never received.

    necessary to trigger the 10-year mandatory minimum sentence, and
raising the amount from 5 to 28 grams necessary to trigger the 5-year
minimum. *Id.* § 2(a)(1)-(2).

<u>United States v. Gomes</u>, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1833 (2011).

The Eleventh Circuit has recently determined that the FSA applies to defendants who committed crack cocaine offenses before its enactment (on August 3, 2010), who are sentenced after its enactment. <u>United States v. Vera Rojas</u>, __ F.3d __, 2011 WL 2623579 (11th Cir. July 6, 2011). But Petitioner Hendrixson was not sentenced after the effective date of the FSA.[2] And in <u>Rojas</u>, the court agreed with other circuits that, "absent further legislative action directing otherwise, the general savings statute [1 U.S.C. § 109] prevents a defendant who was sentenced prior to the enactment of the FSA from benefitting from retroactive application." *Id.*, at *3.

In addition to changing the statutory penalties, the FSA also directed the United States Sentencing Commission to review and amend the Sentencing Guidelines to conform with the FSA. Pub. L. No 111-220, 124 Stat. 2372, §§ 5-8. The Commission recently voted to apply the guidelines amendment retroactively. *See* http://www.ussc.gov/Legislative_and_Public_Affairs/, press release of June 30, 2011.

---

    [2] The court in <u>Rojas</u> rejected an argument based on <u>Gomes</u>, noting "*Gomes* does not apply here. The record reveals that Gomes was indicted in July 2009 and sentenced in March 2010 – nearly five months before the FSA was signed into law. The issue before the Court therefore was whether the FSA applied retroactively to lighten the defendant's *existing* sentence." *Id.*, at *2 (emphasis in original). <u>Gomes</u> would bar relief to Petitioner, sentenced years before enactment of the FSA. The judgment was affirmed in 2000. <u>United States v. Hendrixson</u>, 234 F.3d 494, 495 and n. 1 (11th Cir. 2000), *rehg. en banc denied*, 252 F.3d 1364 (11th Cir. 2001).

Case No. 4:10cv382-RH/WCS

The permanent amendment implementing the FSA and the retroactivity provision will be effective November 1, 2011, absent contrary action by Congress.

Assuming a retroactive guidelines amendment is effective on that date, however, the Sentencing Commission cannot not make the statutory changes of the FSA retroactive.  In the event that there is a retroactive amendment to the sentencing guidelines which lowers Petitioner's term of imprisonment, Petitioner would seek relief by filing a motion for modification of sentence with the sentencing court.  18 U.S.C. § 3582(c)(2).

As for Petitioner's original § 2241 claim, she has not demonstrated that § 2255 is inadequate or ineffective to test the legality of her detention.  In response to the show cause order, she claims that the Gilbert opinion she originally cited – the one which was vacated and has been replaced by the opinion issued on rehearing *en banc* – controls here because it was the law at the time she filed the petition. Doc. 8, p. 1, citing Cargill v. Turpin, 120 F.3d 1366 (11th Cir. 1997) and United States v. Hutchinson, 75 F.3d 626 (11th Cir. 1996).  Cargill noted "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision."  120 F.3d at 1386 (citation omitted).  Hutchinson also noted the firmly established rule that one panel of the court could not revisit or overrule the holding of another panel unless and until that holding was overruled *en banc*, or by the Supreme Court.  75 F.3d at 626 (citation omitted).  That the court of appeals is bound by circuit precedent unless it is overruled does not support the argument that an overruled opinion applies to any pleading which happens to be filed before the case is overruled.

For the reasons set forth above and in the order to show cause (doc. 6), Petitioner is not entitled to habeas corpus relief

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's sentence imposed in the Northern District of Georgia, be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on July 12, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv382-RH/WCS